ARNOLD et v BOARD OF EDUCATION OF SMITH TWP

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 4, 1935

Manchester, Ford, Bennett & Powers, Youngstown, and J. S. Cooper, Youngstown, for plaintiffs in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

The record discloses that a written certification, signed by the clerk of the board, was sent to the county auditor, advising him that the Citizens Bank Company had been designated its depository of the funds of the school district. It also appears from the record that the statutory semi-annual settlement of August, 1931, was not made until December, 1931, and it further appears that the depository bank notified the auditor that the school funds were low and thereupon the auditor drew an order upon the treasurer of Mahoning County for the five thousand dollars. This was in no sense a semi-annual settlement as contemplated by the statute, but an advance of school funds.

After the discovery of the deposit by the board, on or about September 15, 1931, there was no written action taken by the board, accepting this deposit. Was such deposit unauthorized and therefore illegal? Public officials' powers are limited and they have only such powers as are expressly delegated to them by law and such as are necessarily implied from the powers thus delegated, and we must look to the Constitution or statutes, or both, to discover such authority. An official having the keeping or distribution of public money must do so in accordance with law, and if distributed or expended in violation of the law, such, of course, would be unauthorized and illegal.

Article 10, §5, of the Constitution provides:

"No money shall be 'drawn from any county or township treasury except by authority of law."

In other words, unless authorized by law. Whence comes the authority of the county auditor to make advance deposits to the credit of the board? A number of statutes have been cited. We will touch on them but lightly. §2889 GC provides:

"Immediately after each semi-annual settlement with the county auditor, on demand, and presentation of the warrant of the county auditor therefor, the county treasurer shall pay to the township treasurer, city or village treasurer, the treasurer

of the school district, or the treasurer of any legally constituted board authorized by law to receive the funds or proceeds of any special tax levy, or other properly designated officers delegated with authority to receive such funds or proceeds by such boards and sub-divisions, all moneys in the county treasury belonging to such boards and sub-divisions."

This section deals with payment of proceeds of special tax levy to local treasurers and applies only after each semi-annual settlement with the county auditor.

Sec 2692 GC provides:

"Advance payment to local authorities. When the local authorities by resolution so request, the county auditor shall draw, and the county treasurer shall pay on such draft to township, city and village treasurers, and the treasurer of any board of education and the treasurer of any other political sub-division or taxing district whose funds derived from taxes or other sources are payable by law to the county treasurer any money that may be in the county treasury to the accounts of such local authorities, etc."

This section deals with advance payments to local authorities. It is the view of this court that the action taken by the auditor in the case at bar comes within this provision. This statute provides that when the local authorities, by resolution, so request, the county auditor shall draw, and the county treasurer shall pay on such draft to the treasurer of any board of education, etc., money. No such request of the auditor was made by the board as provided therein. We believe that this was a condition precedent required by law before the auditor ·was authorized to draw an order on the treasurer in favor of the board, and the auditor therefore had no authority in law to make the deposit under this section. Now, it is claimed that these statutes are directory only and not mandatory. In this we can not concur. As suggested in this opinion, the Constitution of the state prohibits the drawing of any money except as authorized by law. It is our conclusion that compliance with these statutes was necessary, and disbursements not in compliance therewith are unauthorized and therefore illegal.

It is further claimed that the board did certain acts, such as filing claims, subsequent to the closing of the depository bank, and by accepting a dividend declared by reason of the board filing a general claim as a creditor.. It is to be borne in mind that this was all done subsequent to the closing of the bank, and we can not agree that such would be an acceptance of the wrongful deposit, the deposit being, as we conclude, illegal, and we hold that such was not a ratification under the circumstances in this case.

Grave doubts are entertained as to whether ratification could be had of an illegal or unlawful act, and we cite, as authority sustaining this observation, **1 Ohio Jurisprudence, 745, and 32 Ohio Jurisprudence, 944.**

We therefore conclude that the auditor lacked authority to make this deposit in the absence of a request by the board, as provided in §2692 GC, that such action on the part of the auditor in depositing this money on the order of the depository and not through authorization of the board was illegal, that in so doing he failed to faithfully perform the duties of his office, and that by reason thereof both defendants are liable. Judgment of the lower court affirmed.

Judgment affirmed.

ROBERTS and NICHOLS, JJ, concur.